**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ROSA M. WILLIAMS-HOPKINS, on behalf of herself and those similarly situated,** | : : : | **Case No.  2:21-cv-13810** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COLLECTION BUREAU OF THE HUDSON VALLEY, INC.; and JOHN DOES 1 to 10,** | : : : | |
| **Defendants.** | : | |

**DEFENDANT COLLECTION BUREAU OF THE HUDSON VALLEY, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Collection Bureau of the Hudson Valley, Inc. (CBHV) answers Plaintiff's Class Action Complaint as follows:

**NATURE OF THE CASE**

1.      Admitted in part, denied in part.  CBHV admits that Plaintiff files this action as a putative class action.  CBHV denies all remaining allegations in Paragraph 1 of Plaintiff's Class Action Complaint.

2.      CBHV denies the allegations in Paragraph 2 of Plaintiff's Class Action Complaint. By way of further response, Paragraph 2 largely recites from a report published by the National Consumer Law Center to which no response is required; however, to the extent a response may be required, CBHV denies all allegations.  By way of further response, the National Consumer Law Center Report concerns the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, which is not at issue in Plaintiff's Class Action Complaint.

3.      Admitted in part, denied in part.  CBHV admits that Plaintiff quotes 15 U.S.C. § 1692(a) to which no response is required; however, to the extent it can be implied that CBHV violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, CBHV denies Paragraph 3 of Plaintiff's Class Action Complaint.  By way of further response CBHV denies that *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) is applicable or analogous to the case at bar.

4.      CBHV denies the allegations in Paragraph 4 of Plaintiff's Class Action Complaint.

5.      CBHV denies the allegations in Paragraph 5 of Plaintiff's Class Action Complaint.

6.      Admitted in part, denied in part.  CBHV admits that the FDCPA is a strict liability statute.  CBHV denies it violated the FDCPA, specifically 15 U.S.C. §§ 1692c(b) and d(3), and any remaining allegations in Paragraph 6 of Plaintiff's Class Action Complaint.

7.      Admitted in part, denied in part.  CBHV admits that Plaintiff has filed a class action against it.  CBHV denies all remaining allegations in Paragraph 7 of Plaintiff's Class Action Complaint.

8.      Admitted in part, denied in part.  CBHV admits that the FDCPA is a strict liability statute.  CBHV denies it violated the FDCPA and any remaining allegations in Paragraph 8 of Plaintiff's Class Action Complaint.

## JURISDICTION AND VENUE

9.      CBHV admits that Plaintiff purports to bring this action under the FDCPA and that, at the time of filing this Answer with Affirmative Defenses, this Court could, therefore, have jurisdiction under 28 U.S.C. § 1331.

10.     CBHV does not contest venue in this matter.

**PARTIES**

11.    CBHV admits Paragraph 11 of Plaintiff's Class Action Complaint, upon information and belief.

12.    CBHV admits Paragraph 12 of Plaintiff's Class Action Complaint, upon information and belief.

13.    Admitted in part, denied in part. CBHV admits it has an office located at 155 North Plank Road, Newburgh, New York, 12550.  CBHV denies all remaining allegations in Paragraph 13 of Plaintiff's Class Action Complaint.

14.    At this time, CBHV lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 of Plaintiff's Class Action Complaint and denies the same.

15.    At this time, CBHV lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of Plaintiff's Class Action Complaint and denies the same.

16.    At this time, CBHV lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of Plaintiff's Class Action Complaint and denies the same.

17.    Paragraph 17 of Plaintiff's Class Action Complaint requires no response.  To the extent a response is required, CBHV admits that Plaintiff's use of "Defendants" in the plural refers to all Defendants.

**FACTUAL ALLEGATIONS**

**A.    Allegations Regarding Defendant's Practices Generally**

18.    Admitted in part, denied in part. CBHV admits that it collects or attempts to collect past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to whether each past due obligation is a "debt" as defined by the FDCPA and denies the same.

3

19.      Admitted in part, denied in part.  CBHV admits that it collects or attempts to collect past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 19 of Plaintiff's Class Action Complaint and denies the same.

20.      Admitted in part, denied in part.  CBHV admits that it collects or attempts to collect past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 of Plaintiff's Class Action Complaint and denies the same.

21.      Admitted in part, denied in part.  CBHV admits that its services are retained to collect past due obligations for its clients.  CBHV denies that it receives "assignments" of the past due obligations in that it does not take ownership of the past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 21 of Plaintiff's Class Action Complaint and denies the same.

22.      Admitted in part, denied in part.  CBHV admits that, from time to time, it uses the mail, telephone, and other instruments of interstate commerce to assist it in the collection of past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 22 of Plaintiff's Class Action Complaint and denies the same.

23.      CBHV admits that it collects or attempts to collect past due obligations.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to whether that makes it a "collection agency" and denies the same.

**B.      Plaintiff Williams-Hopkins**

24.     Admitted in part, denied in part.  CBHV admits it attempted to collect a past due obligation owed by Plaintiff.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint and denies the same.

25.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of Plaintiff's Class Action Complaint and denies the same.

26.     Admitted in part, denied in part.  CBHV admits it was hired to collect a past due obligation owed by Plaintiff.  CBHV denies that it received an "assignment" of the past due obligation in that CBHV did not take ownership of Plaintiff's past due obligation.

27.     CBHV admits Paragraph 27 of Plaintiff's Class Action Complaint.

28.     Admitted in part, denied in part.  CBHV admits Plaintiff's obligation was past due and in default when CBHV received the obligation for collection.  CBHV denies that it received an "assignment" of the past due obligation in that CBHV did not take ownership of Plaintiff's past due obligation.

29.     Admitted in part, denied in part.  CBHV admits it caused a letter dated June 12, 2020, to be sent to Plaintiff regarding her past due obligation.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to whether the past due obligation was a "debt" as defined by the FDCPA and denies the same.  By way of further response, CBHV denies all remaining allegations in Paragraph 29 of Plaintiff's Class Action Complaint.

30.     CBHV admits Paragraph 30 of Plaintiff's Class Action Complaint.

31.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of Plaintiff's Class Action Complaint and denies the same.

32.     CBHV admits Paragraph 32 of Plaintiff's Class Action Complaint.

33.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiff's Class Action Complaint and denies the same.

34.     CBHV denies Paragraph 34 of Plaintiff's Class Action Complaint.  By way of further response, disclosures to printing vendors are not recognized as actionable publications.  *See TransUnion LLC v. Ramirez*, ____ U.S. ____, 141 S. Ct. 2190, n.6 (2021), *citing Mack v. Delta Air Lines, Inc.*, 639 Fed. Appx. 582, 586 (11th Cir. 2016).

35.     CBHV denies Paragraph 35 of Plaintiff's Class Action Complaint.  By way of further response, disclosures to printing vendors are not recognized as actionable publications.  *See Ramirez, supra*.

36.     Admitted in part, denied in part.  CBHV admits that Paragraph 36 of Plaintiff's Class Action Complaint purports to recite a section of the FDCPA which requires no response.  To the extent it can be implied or construed to allege the CBHV violated the FDCPA, CBHV denies Paragraph 36 of Plaintiff's Class Action Complaint.

37.     Admitted in part, denied in part.  CBHV admits that Paragraph 37 of Plaintiff's Class Action Complaint purports to recite a section of the FDCPA which requires no response.  To the extent it can be implied or construed to allege that CBHV violated the FDCPA, CBHV

denies Paragraph 37 of Plaintiff's Class Action Complaint. By way of further response, disclosures to printing vendors are not recognized as actionable publications. *See Ramirez, supra.*

38.    CBHV denies Paragraph 38 of Plaintiff's Class Action Complaint.

39.    At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of Plaintiff's Class Action Complaint and denies the same.

40.    Admitted in part, denied in part. CBHV admits it sent letters regarding other past due obligations. At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of Plaintiff's Class Action Complaint and denies the same.

41.    CBHV denies Paragraph 41 of Plaintiff's Class Action Complaint. By way of further response, disclosures to printing vendors are not recognized as actionable publications. *See Ramirez, supra.*

42.    CBHV denies Paragraph 42 of Plaintiff's Class Action Complaint.

### CLASS ACTION ALLEGATIONS

43.    Admitted in part, denied in part. CBHV admits that Plaintiff purports to bring this action as a class action. CBHV denies that class treatment is appropriate. By way of further response, CBHV denies all remaining allegations in this paragraph.

44.    Admitted in part, denied in part. CBHV admits that Paragraph 44 of Plaintiff's Class Action Complaint attempts to define a purported class. CBHV denies that class treatment is appropriate. By way of further response, CBHV denies all remaining allegations in this paragraph.

45.     Admitted in part, denied in part.  CBHV admits that Plaintiff seeks statutory damages, actual damages, and attorney's fees and costs on behalf of herself and the purported class. CBHV denies that Plaintiff incurred any actual damages or ascertainable loss and, therefore, denies that Plaintiff is entitled to any such damages.

46.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiff's Class Action Complaint and denies the same.

47.     CBHV denies Paragraph 47 of Plaintiff's Class Action Complaint.

48.     Admitted in part, denied in part.  CBHV admits that, in some instances, class actions may be superior to individual actions.  CBHV denies that class treatment is appropriate for the instant action.  By way of further response, CBHV denies any remaining allegations in Paragraph 48 of Plaintiff's Class Action Complaint.

49.     CBHV denies Paragraph 49 of Plaintiff's Class Action Complaint.

50.     CBHV denies Paragraph 50 of Plaintiff's Class Action Complaint.

51.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiff's Class Action Complaint and denies the same.

52.     Admitted in part, denied in part.  CBHV admits it maintains records of accounts. At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of Plaintiff's Class Action Complaint and denies the same.

53.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiff's Class Action Complaint and denies the same.

54.     Admitted in part, denied in part.  CBHV admits that, in some instances, class actions may be superior to individual actions.  CBHV denies that class treatment is appropriate for the instant action.  By way of further response, CBHV denies any remaining allegations in Paragraph 54 of Plaintiff's Class Action Complaint.

55.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiff's Class Action Complaint and denies the same.

## FIRST COUNT
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR THE CLASS

56.     CBHV re-alleges the responses and answers above as if set forth fully in this paragraph.

57.     CBHV denies Paragraph 57 of Plaintiff's Class Action Complaint.

58.     CBHV denies Paragraph 58 of Plaintiff's Class Action Complaint.

59.     CBHV denies Paragraph 59 of Plaintiff's Class Action Complaint.  By way of further response, neither injunctive nor declaratory relief is available to Plaintiff under the FDCPA.  *See* 15 U.S.C. § 1692l; *Weiss v. Regal Collections*, 385 F.3d 337, 341-42 (3d Cir. 2004), *overruled in part, Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000).

60.     CBHV denies Paragraph 60 of Plaintiff's Class Action Complaint.  By way of further response, neither injunctive nor declaratory relief is available to Plaintiff under the FDCPA. *See* 15 U.S.C. § 1692l; *Weiss, supra.*; *Washington, supra.*

61.     CBHV denies Paragraph 61 of Plaintiff's Class Action Complaint.

**SECOND COUNT**
**DAMAGES UNDER THE CONSUMER FRAUD ACT ON BEHALF OF THE CLASS**

62.     CBHV re-alleges the responses and answers above as if set forth fully in this paragraph.

63.     CBHV admits Paragraph 63 of Plaintiff's Class Action Complaint.

64.     CBHV denies Paragraph 64 of Plaintiff's Class Action Complaint.

65.     CBHV denies Paragraph 65 of Plaintiff's Class Action Complaint.

66.     CBHV denies Paragraph 66 of Plaintiff's Class Action Complaint.

67.     CBHV denies Paragraph 67 of Plaintiff's Class Action Complaint.

68.     CBHV denies Paragraph 68 of Plaintiff's Class Action Complaint.

**THIRD COUNT**
**NEGLIGENCE ON BEHALF OF THE CLASS**

69.     CBHV re-alleges the responses and answers above as if set forth fully in this paragraph.

70.     Admitted in part, denied in part.  CBHV admits it strives to maintain the confidentiality of all sensitive data, including financial information.  CBHV denies it breached any duty to Plaintiff.

71.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 of Plaintiff's Class Action Complaint and denies the same.

72.     CBHV denies Paragraph 72 of Plaintiff's Class Action Complaint.

73.     CBHV denies Paragraph 73 of Plaintiff's Class Action Complaint.

74.     CBHV denies Paragraph 74 of Plaintiff's Class Action Complaint.

**FOURTH COUNT**
**INVASION OF PRIVACY ON BEHALF OF THE CLASS**

75.     CBHV re-alleges the responses and answers above as if set forth fully in this paragraph.

76.     CBHV denies Paragraph 76 of Plaintiff's Class Action Complaint. By way of further response, disclosures to printing vendors are not recognized as actionable publications. *See Ramirez, supra.*

77.     CBHV denies Paragraph 77 of Plaintiff's Class Action Complaint. By way of further response, disclosures to printing vendors are not recognized as actionable publications. *See Ramirez, supra.*

78.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of Plaintiff's Class Action Complaint and denies the same.

79.     CBHV denies Paragraph 79 of Plaintiff's Class Action Complaint. By way of further response, disclosures to printing vendors are not recognized as actionable publications. *See Ramirez, supra.*

80.     CBHV denies Paragraph 80 of Plaintiff's Class Action Complaint.

81.     CBHV denies Plaintiff 81 of Plaintiff's Class Action Complaint.

**COUNT FIVE**
**FAIR DEBT COLLECTION PRACTICES ACT FOR THE FDCPA SUBCLASS**

82.     CBHV re-alleges the responses and answers above as if set forth fully in this paragraph.

83.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiff's Class Action Complaint and denies the same.

84.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiff's Class Action Complaint and denies the same.

85.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of Plaintiff's Class Action Complaint and denies the same.

86.     At this time, CBHV lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of Plaintiff's Class Action Complaint and denies the same.

87.     Admitted in part, denied in part.  CBHV admits it sent the June 12, 2020, letter in an attempt to collect a past due obligation owed by Plaintiff.  At this time, CBHV lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 87 of Plaintiff's Class Action Complaint and denies the same.

88.     CBHV denies Paragraph 88 of Plaintiff's Class Action Complaint.

89.     CBHV denies Paragraph 89 of Plaintiff's Class Action Complaint.

## JURY DEMAND

Plaintiff's demand for a jury trial requires no response.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff's designation of trial counsel requires no response.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiff has not suffered any actual damages and, as a result, she has not incurred an "ascertainable loss" as required by the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*

2.     Since Plaintiff has not suffered an "ascertainable loss", Plaintiff cannot prevail on her CFA claims. *DepoLink Court Reporting & Litigation Support Servs. v. Rochman*, 430 N.J. Super. 325, 339-41 (2013).

3.     If Plaintiff did suffer any actual damages (which CBHV denies), the Plaintiff's damages are subject to the defense of failure to mitigate.

4.     CBHV denies that Plaintiff is entitled to or should recover statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Jerman v. Carlisle*, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

5.     CBHV asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

6.     CBHV asserts that equitable relief is not available in a suit under the FDCPA. *See, e.g., Kafele v. Lerner Sampson & Rothfuss, LPA*, 62 Fed. Appx. 584 (6th Cir. 2003); *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000); *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982).

7.	CBHV asserts that the conduct of which Plaintiff complains is expressly authorized by the FDCPA.  The FDCPA's authorization of the use of telegrams encompasses the use of print-and-mail vendors.

8.	CBHV specially denies that its print-and-mail vendor is a "third party" within the scope of 15 U.S.C. § 1692c(b).  The special and confidential relationship between CBHV and its print-and-mail vendor makes the vendor CBHV's agent and not a third party.

9.	CBHV specifically denies that disclosure of information to its print-and-mail vendor is an actionable "publication" for the purposes of an FDCPA lawsuit.  *See Ramirez, supra.*

10.	CBHV asserts that its conduct is authorized by Regulation F, 12 C.F.R. § 1006, *et seq.* (eff. Nov. 30, 2021), 85 Fed. Reg. 76734, 86 Fed. Reg. 5766.  Congress granted the Consumer Financial Protection Bureau the power to promulgate rules implementing the FDCPA.  *See* 15 U.S.C. § 1692l(b)(6).  Therefore, the Regulation is entitled to deference pursuant to *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).  *See also* 12 U.S.C. § 5512(b)(4)(B).

11.	To the extent that 15 U.S.C. § 1692c(b) does not permit debt collectors to use print-and-mail vendors, that prior restraint on speech serves no legitimate or compelling governmental interest; therefore, the prohibition violates the First Amendment to the United States Constitution.

12.	If the FDCPA permits a debt collector to use Western union to transmit correspondence to a consumer but not to use a print-and-mail vendor to perform the same service, then 15 U.S.C. § 1692c(b) is void for vagueness in violation of the Fifth Amendment to the United States Constitution.

13.    CBHV asserts that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Gruden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011); *see also Heinz v. Carrington Mortg. Servs., LLC*, 2021 U.S. App. LEXIS 20338, ____ F.4th ____ (8th Cir. 2021); *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010).  The animating purpose of communicating with a print-and-mail vendor is not to induce payment nor is it to embarrass or harass the consumer; rather, it is to secure the ministerial services of printing, folding, stuffing, sealing, metering, and mailing.

14.    Plaintiff fails to state a claim for relief under 15 U.S.C. § 1692f because she must allege improper acts specifically enumerated in that section or allege misconduct beyond that which the Plaintiff alleges violates other provisions of the FDCPA.  Plaintiff has done neither and, thus, her claim under 15 U.S.C. § 1692f fails.

15.    Plaintiff did not sell or lease any goods or services from CBHV and mere efforts to collect on Plaintiff's past due account are insufficient to state a claim under the CFA.  *Boyko v. Am. Int'l Group, Inc.*, 2009 U.S. Dist. LEXIS 119339 (D.N.J. Dec. 23, 2009), *citing Hoffman v. Encore Capital Group, Inc.*, 2008 N.J. Super. Unpub. LEXIS 1627, at *3 (N.J. Super. 2008), *cert. denied*, 198 N.J. 316, 966 A.2d 1080 (2009).

16.    Since Plaintiff has not suffered any actual damages, her individual recovery (to the extent she is entitled to such recovery which CBHV denies) is limited to statutory damages only and is capped at $1,000.00 per action under the FDCPA.

17.     Since Plaintiff's alleged class has not suffered any actual damages, the class recovery (to the extent it is entitled to such recovery which CBHV denies) is limited to "the lesser of $500,000 or 1 per centum of the net worth of" CBHV.  15 U.S.C. § 1692k(a)(2)(B).

18.     Class treatment is inferior to individual treatment in this case because individual issues of law and/or fact predominate any common questions of law and/or fact.  Therefore, class treatment is inappropriate.

19.     Class treatment is inferior to individual treatment in this case because it will not be feasible for every potential class member to demonstrate that they suffered an actual, particularized, concrete injury-in-fact.

WHEREFORE, Defendant Collection Bureau of the Hudson Valley, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Class Action Complaint, with prejudice, and further award all such other relief as is just and appropriate.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

By:    */s/ Brit J. Suttell*
BRIT J. SUTTELL, ESQUIRE
10 Beatty Road, Suite 200
Media, PA  19063
(484) 999-4232
britjsuttell@bn-lawyers.com
Counsel for Defendant Collection Bureau of the Hudson Valley, Inc.

Dated:  August 2, 2021

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 2, 2021, a true copy of the foregoing document was served on the persons below via CM/ECF.

**BARRON & NEWBURGER, P.C.**

By: */s/ Brit J. Suttell*
   BRIT J. SUTTELL, ESQUIRE
   10 Beatty Road, Suite 200
   Media, PA 19063
   (484) 999-4232
   britjsuttell@bn-lawyers.com
   Counsel for Defendant Collection Bureau of the Hudson
   Valley, Inc.

Dated: August 2, 2021